**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

ME2 PRODUCTIONS, INC.,

Plaintiff,

v.

DOES 1-9,

Defendants.

**Case No. 1:16-cv-02757-LJM-DML**

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(F) CONFERENCE**

# TABLE OF CASES

*BMG Music v. Doe #4*, 1:08-CV-135, 2009 WL 2244108, (M.D.N.C. 2009) (unpublished) ... 4-6

*Elektra Entertainment Group, Inc. v. Doe*, 5:08-CV-115-FL, 2008 WL 5111886 (E.D.N.C. 2008) (unpublished) ........ 5

*Gentlesk v. Doe*, 3:12-CV-587-FDW-DCK (W.D.N.C. November 16, 2012) ........ 7

*Hard Drive Productions, Inc. v. John Does 1-30*, 2:11-CV-345, 2011 WL 2634166 (E.D. Va. 2011)........ 4, 7

*Interscope Records v. Does 1-12*, 2:08-cv-187, 2008 WL 4939105 (N.D. Ind.) (unpublished) ........ 4

*Malibu Media, LLC v. John Doe*, ___ F. Supp. 3d ___, 2016 WL 1465327 (D.D.C. 2016) ........ 4

*Malibu Media, LLC, v. John Does 1-14*, 287 F.R.D. 513 (N.D. Ind. 2012)........ 4

*Malibu Media, LLC, v. John Does 1-14*, 1:12-cv-263, 2013 WL 2285950 (N.D. Ind) ........ 5

*Patrick Collins, Inc. v. John Does 1-26*, 3:11-CV-394-FDW-DSC, (W.D.N.C. September 17, 2011) (unpublished) ........ 4, 6

*Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132 (W.D.N.Y. 2015) ........ 4, 7

*Warner Bros. Records, Inc. v. Doe*, 5:08-CV-116-FL, 2008 WL 5111883 (E.D.N.C.) (unpublished) ........ 4

Plaintiff, by and through undersigned counsel and pursuant to the FED. R. CIV. P. 26 and Local Civil Rule 26.1, respectfully submits this Memorandum in support of its Motion for Leave to serve subpoenas prior to a Rule 26(f) conference.

## I. INTRODUCTION

Plaintiff seeks leave to issue one or more subpoenas to Internet Service Providers ("ISPs"), including Comcast Cable, for the purpose of identifying the Doe Defendants in this case. Plaintiff is the copyright holder of a motion picture called MECHANIC: RESURRECTION and has used geolocation technology to identify instances of copyright infringement. *See* Complaint ¶¶ 7 and 10. Plaintiff has brought this action as a result of the unauthorized copying and transferring of this motion picture by ten unknown defendants who are believed to reside in this District.

As set forth in the Complaint, the Doe Defendants are believed to be using online media distribution systems, including the BitTorrent protocol, to steal Plaintiff's copyrighted work. Complaint, esp. ¶¶ 3-10. Due to the nature of the infringement, Plaintiff is only able to identify the Doe Defendants via each defendant's Internet Protocol ("IP") address, the ISP who provided the Internet service to each defendant, and the city and county in which the infringement occurred. Complaint, Ex. B.

By providing the ISP with a subpoena containing the IP and the date and time of the infringement, it is anticipated that the ISP will be able to identify the individual who maintained the Internet account. In the subpoena, Plaintiff will seek: the name and address of the account holders; current and permanent addresses; telephone numbers; email address; and, the Media

Access Control ("MAC") address. This information will permit Plaintiff to name the individual account holders as defendants in this case, with the ultimate goal of determining who was responsible for infringing Plaintiff's copyrighted work. The ISP will also be able to notify the account holders of this request, in the event they wish to raise any objections in this matter.

## II. ARGUMENT

FED. R. CIV. P. 26(d)(1) provides, in relevant part, that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by these rules, by stipulation, or by court order."

### A. There is Ample Precedent for Issuing Subpoenas Prior to a Rule 26(f) Conference

Many federal courts have recognized the propriety of granting a plaintiff leave to issue subpoenas prior to a Rule 26(f) conference, particularly in cases involving copyright infringement by anonymous defendants. *See, e.g., Malibu Media, LLC v. John Doe*, ___ F. Supp. 3d ___, 2016 WL 1465327 (D.D.C. 2016); *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132 (W.D.N.Y. 2015); *Patrick Collins, Inc. v. John Does 1-26*, 3:11-CV-394-FDW-DSC, (W.D.N.C. September 17, 2011) (unpublished); *Hard Drive Productions, Inc. v. John Does 1-30*, 2:11-CV-345, 2011 WL 2634166 (E.D. Va. 2011); and *BMG Music v. Doe #4*, 1:08-CV-135, 2009 WL 2244108 (M.D.N.C. 2009) (unpublished); *Warner Bros. Records, Inc. v. Doe*, 5:08-CV-116-FL, 2008 WL 5111883 (E.D.N.C.) (unpublished). Further, federal courts in Indiana have allowed such discovery, as outlined in cases where anonymous defendants' motions to quash were denied. *See, e.g., Interscope Records v. Does 1-12*, 2:08-cv-187, 2008 WL 4939105 (N.D. Ind.) (unpublished); *Malibu Media, LLC, v. John Does 1-14*, 287 F.R.D. 513 (N.D. Ind. 2012); and,

*Malibu Media, LLC, v. John Does 1-14*, 1:12-cv-263, 2013 WL 2285950 (N.D. Ind).

In order to show good cause for the issuance of subpoenas, the Plaintiff seeking leave must demonstrate the following to the court: (1) a prima facie showing of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the information; and (5) that the defendant have a minimal expectation of privacy. *Elektra Entertainment Group, Inc. v. Doe*, 5:08-CV-115-FL, 2008 WL 5111886 (E.D.N.C. 2008) (unpublished). As in the cases cited above, Plaintiff has met its burden to demonstrate the need for the subpoenas.

B. Good Cause Exists to Grant Plaintiff's Motion

1. ME2 Productions, Inc. has Stated a Prima Facie Case of Copyright Infringement

"The two elements of an infringement claim are (1) ownership of a valid copyright and (2) encroachment upon one of the exclusive rights afforded by the copyright." *BMG Music*, at *2. Here, Plaintiff has alleged that it is the registered holder of the copyright in the motion picture MECHANIC: RESURRECTION. *See* Complaint ¶ 13. Plaintiff has further stated sufficient facts to show encroachment of its exclusive rights to this motion picture, including identifying the specifics dates, times, and IPs involved in the unauthorized transfer of the motion picture. *See* Complaint, esp. Exhibit B. Such allegations are sufficient to show a prima facie case for the purposes of avoiding a motion to dismiss and are likewise sufficient to demonstrate the first element of good cause for the issuance of subpoenas prior to the Rule 26(f) conference.

2. The Subpoena to the ISP Constitutes a Specific Discovery Request

Plaintiff is seeing specific, limited information via its subpoena, to wit: the name and address of the account holders; current and permanent addresses; telephone numbers; email address; and, the Media Access Control ("MAC") address. This information is required to permit Plaintiff to identify each Defendant and will be used to serve process upon them. Without this information, Plaintiff will be unable to protect its copyright. Thus, Plaintiff has satisfied the second element for good cause for early discovery.

3. No Alternatives Exist for Obtaining the Identities of the Doe Defendants

Although Plaintiff's geolocation technology can identify IPs responsible for infringement of Plaintiff's copyright works, only ISPs maintain the records that show the individual contact information for the subscribers with the IP address. Without obtaining the information from the ISP via subpoena, Plaintiff is left with no recourse in its efforts to vindicate its rights. Thus, Plaintiff has satisfied the third element for good cause for early discovery.

4. The Information Sought is Essential to the Prosecution of this Case

Plaintiff has filed its Complaint against unnamed defendants, because Plaintiff lacks access to the information necessary to identify each defendant. In order to protect its right to the exclusive distribution of its motion picture, Plaintiff will need to obtain the name and address of each defendant. *BMG Music*, *supra*. *See also*, *Patrick Collins, Inc. v. Does 1-26*, *supra*.

5. The Defendants have a Minimal Expectation of Privacy

Plaintiff's interest in protecting its intellectual property rights outweighs any privacy interest that may be alleged by the defendants. Although there are First Amendment protections for anonymous activities online, those protections do not extend to using BitTorrent to infringe

copyrighted works. *Hard Drive Productions, Inc. v. John Does 1-30*, citation (E.D. Va. 2011). "Defendants do not have an expectation of privacy in the reproduction and distribution of the electronic media without the permission of the copyright holder." *Id.* Furthermore, "Under 47 U.S.C.A. § 551(c)(2)(B), as ISP can disclose personal identification information of an internet user 'pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]'" *Id. See also Rotten Records*, *supra*; and *Gentlesk v. Doe*, 3:12-CV-587-FDW-DCK (W.D.N.C. November 16, 2012). Thus, having stated a prima facie case for copyright infringement, Plaintiff interest in protecting its rights trumps any alleged privacy interest of the defendants and Plaintiff is entitled to use early discovery to obtain the identity of the defendants.

## III. CONCLUSION

For the foregoing reasons, Plaintiff has shown good cause for the issuance of an order granting Plaintiff leave to serve subpoenas prior to the Rule 26(f) conference. Plaintiff respectfully request that the Court grant its request.

Respectfully submitted,

ME2 PRODUCTIONS, INC.

Dated this 14th day of November, 2016.

By: /s/ R. Matthew Van Sickle

R. Matthew Van Sickle
Indiana Bar No. 24430-41
Van Sickle Law, PC
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 469-5685
matt@mattvansicklelaw.com

*Attorney for ME2 Productions, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 14th day of November, 2016, he electronically filed the foregoing "MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE" with the Clerk of the Court using the CM/ECF system which will electronically send notification of such filing to all counsel of record or interested parties via the CM/ECF system.

/s/ R. Matthew Van Sickle
R. Matthew Van Sickle
Indiana Bar No. 24430-41
Van Sickle Law, PC
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 469-5685
matt@mattvansicklelaw.com

*Attorney for ME2 Productions, Inc.*